**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROLYN SCHAUPP, et al., | **Case No. 1:22-cv-00849-JLT-SAB** |
| Plaintiffs, | **ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| v. | |
| COUNTY OF STANISLAUS, et al., | **(Doc. 5)** |
| Defendants. | |

**INTRODUCTION**

On July 11, 2022, Carolyn Schaupp filed a *pro se* complaint alleging various violations of state and federal law. (Doc. 1 ("Compl.").)[1] Also on July 11, 2022, Plaintiff filed a motion for a temporary restraining order and preliminary injunction. (Doc. 5.) The Complaint, which is 120 pages long not including more than 100 pages of attachments, advances a long list of claims

---

[1] This is not Plaintiff's first lawsuit. She filed a similar lawsuit on August 28, 2020: 1:20-cv-01221-DAD-BAM *Schaupp et al. v. County of Stanislaus et al*. (*Schaupp I*). In *Schaupp I*, the District Judge Dale A. Drozd denied a request for a temporary restraining order and preliminary injunction on September 25, 2020, (*Schaupp I*, Doc. 8), and dismissed all claims in the case for lack of subject matter jurisdiction on November 19, 2020, (*Schaupp I*, Doc. 17). As was the case in *Schaupp I*, the instant complaint appears to indicate that Plaintiff intends to represent her minor children—D.S., L.S., P. I., and J.B.—in this action. (Compl. at ¶¶ 10–12.) As the Court explained in *Schaupp I*, the Ninth Circuit has held that "a nonattorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear *pro se* is not a true choice for minors who under state law cannot determine their own legal actions." *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (internal citation omitted). Accordingly, the Court will address the claims as though they are being brought by only Plaintiff. *See Laycook v. Cty. of Fresno*, No. 1:18-cv-01263-LJO-SAB, 2018 WL 4998136, at *2 (E.D. Cal. Oct. 15, 2018) ("Plaintiff cannot bring this action to assert the rights of his children without retaining counsel. The Court shall therefore only consider the claims raised in this action as they pertain to Plaintiff.").

1

against defendants County of Stanislaus ("County"); the Stanislaus County Superior Court; the Stanislaus County Community Services Agency, Department of Child Support Services, District Attorney Office, and Sheriff's Department; the Modesto Police Department; and many individual defendants apparently associated with the County. (Compl, ¶¶ 13–62.) For the reasons set forth below, Plaintiff's motion for a temporary restraining order and preliminary injunction will be denied.

## DISCUSSION

The Complaint describes in detail Plaintiff's child custody battles stretching over the course of several years. Among other things, Plaintiff complains about the speed and effectiveness of state court proceedings (*see id.*, ¶ 71); alleged actions and failures to act by various County employees related to the placement of Plaintiff's children (*id.*, ¶. 73-78); decisions (both substantive and procedural) made by state judicial officers in relation to custody proceedings and associated court matters (*id.*, ¶ 80-81, 98–101, 106–118, 120–124, 129–130); the "unlawful seizure" of Plaintiff's children and related enforcement of state court orders by County employees and/or law enforcement officials (*id.*, ¶¶ 79, 83, 92–93, 108, 119, 126–127); and other acts taken in connection with the judicial process (*see, e.g., id.* at ¶¶ 128). Plaintiff also alleges "hate crimes", harassment, and retaliation by County employees (*id.*, ¶¶ 132–36) and disability discrimination (*id.*, ¶¶ 139–42). To the extent the Court has been able to digest the content of the unnecessarily lengthy complaint, the alleged acts of "hate crimes", harassment, and/or retaliation are also related to the custody battle. (*See, e.g., id.*, ¶ 176 ("Cassidy retaliated against Plaintiff by forcibly seizing Ms. Schaupp Minor Child against her will, without central and material facts . . . .").)

The pending motion for a temporary restraining order and/or preliminary injunction requests that the Court:

> Enjoin[] Defendants from committing further hate crimes and retaliation against each Plaintiff and lawfully place minor children P.I., L.S. and D.S. in the safety and care of Plaintiff MS. SCHAUPP in the interest of justice and the people. An injunction/TRO would best be implemented striking the unconstitutional and unlawful superior court orders entered without Jurisdiction.

(Doc. 5 at 21.) In sum, Plaintiff requests that this Court enjoin unspecified defendants from further claimed "hate crimes and retaliation" against Plaintiff; place P.I., L.S. and D.S. into Plaintiff's care, and strike state court orders related to the custody dispute. (*Id.*)

The Court will not belabor the analysis here because the Court provided Plaintiff the relevant standards in *Schaupp I*. As was the case in *Schaupp I*, Plaintiff has made no showing of her likelihood of success on the merits of this action because it appears that this Court lacks subject matter jurisdiction over her claims. In the order denying Plaintiff's motion for a temporary restraining order and preliminary injunction in *Schaupp I*, Judge Drozd explained the relevant jurisdictional defect by quoting *Davis v. California Department of Child Services*, No. 2:20-cv-01393 TLN AC PS, 2020 WL 5039243, at *2 (E.D. Cal. Aug. 26, 2020):

> Although plaintiff's complaint is cast in terms of federal law violations, it is clear from the content of the complaint and the remedies sought . . . that he is essentially contesting the state court judgment regarding his child support and custody obligations. This amounts to a de facto appeal of the state court judgment. *See Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) ("To determine whether an action functions as a de facto appeal, we pay close attention to the relief sought by the federal-court plaintiff."). The court does not have jurisdiction to hear such a case.
>
> The *Rooker-Feldman* doctrine prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). To determine if the *Rooker-Feldman* doctrine bars a case a court must first determine if the federal action contains a forbidden *de facto* appeal of a state court judicial decision. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the *Rooker-Feldman* inquiry ends." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). If a court determines that the action is a "forbidden de facto appeal," however, the court cannot hear the de facto appeal portion of the case and, [a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158; *see also Bell*, 709 F.3d at 897 ("The 'inextricably intertwined' language from *Feldman* is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker-Feldman* analysis."). A complaint is a "*de facto* appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel*, 341 F.3d at 1163.

> In seeking a remedy by which this court invalidates a state court decision and amends the state court record, plaintiff is clearly asking this court to "review the final determinations of a state court in judicial proceedings," which is at the core of *Rooker-Feldman's* prohibition. *In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000). Requests to vacate a family court order and child support debt are generally considered de facto appeals. *Riley v. Knowles*, No. 1:16-CV-0057-JLT, 2016 WL 259336, at *3 (E.D. Cal. Jan. 21, 2016). Indeed, requests to the federal courts to reverse the outcomes of family law issues, such as divorce proceedings or child custody determinations, are generally treated as *de facto* appeals barred by *Rooker-Feldman*. *See Moore v. County of Butte*, 547 Fed. Appx. 826, 829 (9th Cir. 2013). Accordingly, plaintiff's action constitutes a "forbidden *de facto* appeal" and the court lacks subject matter jurisdiction to hear the case.

*See also Ankenbrandt v. Richards*, 504 U.S. 689, 702–04 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees"); *Clemons v. McGlynn*, No. 2:18-cv-2463-TLN-EFB PS, 2019 WL 4747646, at *2 (E.D. Cal. Sept. 30, 2019) ("Because the core issue in this action concerns matters relating to child custody, this court lacks subject matter jurisdiction."), *findings and recommendations adopted*, 2019 WL 5960103 (E.D. Cal. Nov. 13, 2019).

Although Plaintiff's complaint in the present case is not identical to the one filed in *Schaupp I*, it is not materially distinct for purposes of *Rooker Feldman*. The thrust of the claims in this case challenge underlying custody determinations made by a state court. Moreover, the pending motion directly seeks to reverse a state court judgment. For those reasons, the motion for a temporary restraining order and preliminary injunction must be DENIED.

**CONCLUSION AND ORDER**

For the reasons set forth above, Plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 5) is DENIED.

IT IS SO ORDERED.

Dated:   **July 14, 2022**

UNITED STATES DISTRICT JUDGE

4