# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN SCHAUPP,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>        Defendants. | Case No. 1:22-cv-00849-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE; AND RECOMMENDING DENIAL OF IFP APPLICATIONS BROUGHT ON BEHALF OF MINORS L.S., D.S., P.I., AND J.B. WITHOUT PREJUDICE<br><br>(ECF No. 9)<br><br>**FOURTEEN DAY DEADLINE** |

## I.

## INTRODUCTION

Plaintiff Carolyn Schaupp ("Plaintiff"), proceeding *pro se*, filed a complaint in this action on behalf of herself and minors L.S., D.S., P.I., and J.B. on July 11, 2022. (ECF No. 1.) Plaintiff has not filed any petition to appear guardian ad litem on behalf of minors L.S., D.S., P.I., and J.B. Plaintiff also did not pay the filing fee and instead filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) Concurrently with the complaint and IFP application, Plaintiff filed a motion to appoint counsel and motion for permission for electronic case filing, both of which remain pending until the IFP matter has been resolved. (See ECF Nos. 3, 4.) Plaintiff also

1

filed a motion for temporary restraining order ("TRO"). (ECF No. 5.) On July 15, 2022, this Court denied Plaintiff's IFP application without prejudice and ordered her to either pay the filing fee or submit a long form IFP application.[1] (ECF No. 8.)

On July 29, 2022, Plaintiff submitted a filing titled "Request for Joinder Under FRCP 19; Motion for Attorney Fees and Cost," which appears to contain multiple filings, including (1) a motion to join minor P.I. in this action as a plaintiff (id. at 1–2); (2) an application for a warrant of arrest in rem (id. at 4–6); (3) a long form IFP application filed by Plaintiff on her own behalf (id. at 7–11); (4) a long form IFP application filed by Plaintiff on behalf of minor P.I. (id. at 12–16); (5) a long form IFP application filed by Plaintiff on behalf of minor L.S. (id. at 17–21); (6) a long form IFP application filed by Plaintiff on behalf of minor J.B. (id. at 22–26); and (7) a long form IFP application filed by Plaintiff on behalf of minor D.S. (id. at 27–31). For the reasons discussed herein, the Court recommends Plaintiff's IFP application be denied and Plaintiff be ordered to pay the filing fee or face dismissal of this action, and that the IFP applications purportedly filed on behalf of minors P.I., L.S., J.B., and D.S. be denied without prejudice.

## II.

## LEGAL STANDARD

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed

---

[1] Also on July 15, 2022, the District Judge denied Plaintiff's motion for TRO. (ECF No. 7.) Notably, in denying the TRO, the District Judge identified a prior similar action filed by Plaintiff on August 28, 2020, Schaupp v. County of Stanislaus (Schaupp I), No. 1:20-cv-01221-DAD-BAM (E.D. Cal. 2020), and cautioned Plaintiff that she may not represent her minor children in this action *pro se*. (ECF No. 7 at 1 n.1 (quoting Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("a nonattorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear *pro se* is not a true choice for minors who under state law cannot determine their own legal actions.")).) The District Judge also indicated the Court will only consider the claims raised in this action as they pertain to Plaintiff. (Id. citing Laycook v. Cnty. of Fresno, No. 1:18-cv-01263-LJO-SAB, 2018 WL 4998136, at *2 (E.D. Cal. Oct. 15, 2018) ("Plaintiff cannot bring this action to assert the rights of his children without retaining counsel. The Court shall therefore only consider the claims raised in this action as they pertain to Plaintiff.")).) This Court, in denying Plaintiff's initial IFP application, also expressed doubt as to Plaintiff's ability to bring the instant action on behalf of her children, noting the complaint was only signed on behalf of Carolyn Schaupp and appears to allege Ms. Schaupp does not currently have custody over her children. (ECF No. 8 at 1 n.2.)

*in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed IFP, but her poverty must prevent her from paying the filing fee and providing herself and her dependents (if any) with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948).

In assessing whether a certain income level meets the poverty threshold under §1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. See, e.g., Boulas v. U.S. Postal Serv., No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to deny IFP application); Garcia de Carrillo v. Comm'r of Soc. Sec., No. 1:22-cv-00428-SAB, 2022 WL 2134703, at *1 (E.D. Cal. May 11, 2022) (same, on findings and recommendations), report and recommendation vacated, No. 1:22-cv-00428-DAD-SAB, ECF No. 7 (E.D. Cal. Jun. 24, 2022) (findings and recommendations vacated following plaintiff's payment of filing fee); see also Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (collecting cases). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015); see also U.S. v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (the court has discretion to make a factual inquiry into a plaintiff's financial status and deny an IFP application if she is unable or unwilling to verify her poverty). Further, "[t]he Court is entitled to consider the economic priority Plaintiff placed on the use of his money, received from any source." Evans v. Sherman, No. 1:19-cv-00760-LJO-JLT (PC), 2019 WL 5377040, at *2 (E.D. Cal. Aug. 21, 2019) (citing Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995)); see also Kurz v. Zahn, No. 1:11-cv-00342-EJL-MHW, 2012 WL 4458128, at *2 (D. Idaho Apr. 13, 2012) ("Nor can all the items included on her list of monthly obligations, even generously construed, be considered as the 'necessaries of life.' ").

///

///

///

# III.

# ANALYSIS

### A. Plaintiff Carolyn Schaupp's IFP Application

Plaintiff indicates she receives a monthly disability payment in the amount of $3,200 and that she is currently employed by Doctors Medical Center and earns a gross monthly salary of $5,760. (ECF No. 9 at 7–8.) Confusingly, Plaintiff does not list her work salary as a source of income on the application; indeed, at the bottom of her application, she indicates that she is not currently employed. (See id. at 7–8, 12.) The combined total of Plaintiff's monthly income amounts to $8,960 ($107,520 annually). Plaintiff indicates she has a checking/savings account that has no money in it and is currently closed, and she does not own a home. (Id. at 8, 9.) With respect to expenses, Plaintiff indicates on her application that she has $0 total monthly expenses, but also lists several line item expenses, the sum total of which amounts to $4,998 per month.[2] (See id. at 9–11.) Plaintiff indicates she has, or will be, paying an attorney for services, but she does not provide an estimated amount or name of attorney, as required by the application. (See id. at 11.) Plaintiff also indicates that she expects major changes to her monthly income/expenses to occur over the next twelve months, but does not attach a sheet describing the expected changes, as required on the application. (See id.)

It is clear Plaintiff has children; however, it appears that minors L.S. and D.S. reside with Plaintiff in Modesto, California, while minor P.I. currently lives in Los Angeles, California. (Compare id. at 6, 21 with id. at 16, 31, and docket.) It is unclear where J.B. lives, as no address is provided on J.B.'s IFP application. (See ECF No. 9 at 26.) The Court also notes at item 7, which requires Plaintiff to identify all the persons who rely on her for support, Plaintiff does not identify any of her children or anyone else, and only states "N/A." (See id. at 9.) On this record,

---

[2] Plaintiff indicates she pays $1,600 in rent, $400 for utilities, $50 for home maintenance, $300 for food, $100 for clothing, $50 for laundry/dry cleaning, $150 in medical/dental expenses, $650 for transportation, $564 for health insurance, $567 for car insurance, and $1,774 in alimony/maintenance/support paid to others. (Id. at 9–10.) Plaintiff also identifies $567 for installment car payments; it appears possible this was a duplicate expense, but in an abundance of caution, the Court will include the expense in its calculations. (Id. at 10.) Plaintiff also indicates she owes $3,000 on her 2017 Honda Accord for an overdue car payment, which appears to be a one-time debt, rather than monthly expense. (Id. at 9.) The Court therefore calculates the sum total of Plaintiff's monthly expenses to be $4,998.

the Court concludes Plaintiff resides in a household of one. Regardless, however, Plaintiff's annual household income (of $107,520) remains significantly greater than the 2022 federal poverty guideline, whether construed as a household for one ($13,590) or a household for four persons ($27,750).[3] See 2022 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited Aug. 1, 2022). Furthermore, the Court notes Plaintiff's monthly household income exceeds her monthly expenses by almost $4,000 per month. For this reason alone, Plaintiff's application should be denied. See Jones v. Comm'r of Soc. Sec., No. 1:19-cv-01049-SAB, 2019 WL 11234222, at *2 (E.D. Cal. Aug. 15, 2019) (recommending denial of application where household income nearly doubled poverty guidelines), report and recommendation adopted, No. 1:19-cv-01049-DAD-SAB, 2019 WL 11234224 (E.D. Cal. Oct. 23, 2019).

Meanwhile, the Court notes that, among Plaintiff's reported expenses, Plaintiff claims a $50 monthly expense for home maintenance (repairs and upkeep), even though she states on her application she does not own a home (id. at 10); Plaintiff also claims a monthly expense of $400 for utilities, and $650 for transportation. Courts in this district have denied applications to proceed IFP, even where the budget "appear[s] tight," if the itemized monthly expenses reflect at least some extent of discretionary spending beyond strict necessity. See, e.g., Salmeron v. Saul, No. 1:21-cv-00413-BAM, 2021 WL 2302724, at *1 (E.D. Cal. May 11, 2021) (recommending denial of application where household income nearly doubled poverty guidelines and expenses reportedly greater than income were "inconsistent"); Kaur v. Comm'r of Soc. Sec., No. 1:22-cv-00367-SAB, 2022 WL 1023975, at *2 (E.D. Cal. Apr. 1, 2022) (same, where assets included a home worth $345,000 and three cars and expenses included car payments and insurance exceeding $1,100), report and recommendation vacated, No. 1:22-cv-00367-DAD-SAB, 2022 WL 1018276 (E.D. Cal. Apr. 5, 2022) (findings and recommendations vacated following plaintiff's payment of filing fee).

Courts have also denied IFP where the application contains internal inconsistencies, as identified here. See Badillo v. Comm'r of Soc. Sec., No. 1:20-cv-00393-SAB, 2020 WL

---

[3] Indeed, even if only Plaintiff's monthly disability payment were considered (annually $38,400), her annual household income remains greater than any household amount under the 2022 federal poverty guideline.

5

2494575, at *2 (E.D. Cal. May 14, 2020) (recommending denial of application where internal inconsistencies of reported income and expenses—including $1,500 per month for two cars and $1,000 per month for food in household of two—did not suggest plaintiff was living in poverty).

At bottom, Plaintiff's income, as well as her purported household expenses, do not suggest that Plaintiff is living in poverty. These facts, in addition to the nearly $80,000 gap between Plaintiff's household income and the federal poverty line for a household of four and the fact that Plaintiff's monthly income exceeds his household expenses by nearly $4,000 per month, suggest an ability to pay the $402 filing fee without sacrificing the necessities of daily life. Finally, to the extent that Plaintiff concurrently claims she is not employed and has significant debts, the contradictory information and lack of clarity in the application renders Plaintiff's IFP application impermissibly internally inconsistent, which also warrants denial.

> To be sure, the court is sympathetic to the fact that plaintiff does not have a "large" income, and also has several expenses to contend with. However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court. Such difficulties in themselves do not amount to indigency.[4]

Core v. Cal. Controllers Off., No. 2:18-cv-0155-MCE-KJN PS, 2018 WL 1569416, at *1 (E.D. Cal. Mar. 30, 2018) (denying IFP); see also Shoaga v. Nelson, No. 2:21-cv-1953-JAM-CKD, 2021 WL 5566747, at *1 (E.D. Cal. Nov. 29, 2021), report and recommendation adopted, 2021 WL 6052196 (E.D. Cal. Dec. 21, 2021) (same).

For these reasons, the Court recommends Plaintiff's IFP application (ECF No. 9 at 7–11) be denied.

**B.     IFP Applications Submitted on Behalf of Minors P.I., L.S., J.B., and D.S.**

As previously noted, along with her own IFP application (ECF No. 9 at 7–11), Plaintiff also submitted IFP applications on behalf of minors P.I. (ECF No. 9 at 12–16), L.S. (ECF No. 9 at 17–21), J.B. (ECF No. 9 at 22–26), and D.S. (ECF No. 9 at 27–31). However, as the Court has

---

[4] This Court respectfully adds quotation marks to the characterization of the Shoaga and Core plaintiffs' incomes as "not large," where Shoaga's total net annual income was nearly five times the poverty guideline and Core's annual income was over three and a half times the poverty guideline.

6

also noted, in the order denying Plaintiff's motion for TRO, the District Judge determined that Plaintiff may not represent her minor children in this action *pro se* and that the Court will only consider the claims raised in this action as they pertain to Plaintiff. (ECF No. 7 at 1 n.1); Johns, 114 F.3d at 876; Laycook, 2018 WL 4998136, at *2. Nor has any motion to appoint a guardian ad litem been submitted or granted in this matter. Accordingly, the instant filings purportedly on behalf of minors P.I., L.S., J.B., and D.S. are improperly brought and should be dismissed without prejudice at this time.

## IV.

## CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 9 at 7–11) be DENIED;

2. Plaintiff be ordered to pay the $402.00 filing fee in full in order to proceed with this action; and

3. The applications to proceed *in forma pauperis* filed by Plaintiff on behalf of minors P.I. (ECF No. 9 at 12–16), L.S. (ECF No. 9 at 17–21), J.B. (ECF No. 9 at 22–26), and D.S. (ECF No. 9 at 27–31) be DENIED without prejudice.

4. The Court declines to address Plaintiff's motion to join minor P.I. in this action as a plaintiff (ECF No. 9 at 1–2) or application for a warrant of arrest in rem (ECF No. 9 at 4–6), and those matters shall remain pending until Plaintiff's *in forma pauperis* status is established, or she pays the filing fee.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of issuance of this recommendation, Plaintiff may file written objections to the findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If Plaintiff submits objections, she is expected to address the discrepancies identified in this order. Alternatively, Plaintiff may elect to pay the required filing fee.

The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 1, 2022**

UNITED STATES MAGISTRATE JUDGE