UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN SCHAUPP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF STANISLAUS, et al, <br><br> Defendants. | Case No. 1:22-cv-0849-JLT-SAB <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, REQUIRE PLAINTIFF TO PAY THE FILING FEE AND DENY MINOR PLAINTIFFS' APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* WITHOUT PREJUDICE <br> (Docs. 10, 11) |

Carolyn Schaupp, proceeding *pro se*, filed a complaint in this action on behalf of herself and minors L.S., D.S., P.I., and J.B. on July 11, 2022. (Doc. 1.) Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2.) Concurrently with the complaint and IFP application, Plaintiff filed a motion to appoint counsel and motion for permission for electronic case filing (both of which remain pending until the IFP matter has been resolved (Docs. 3, 4)), and a motion for temporary restraining order (Doc. 5), which the court denied on July 15, 2022. (Doc. 7).

The magistrate judge denied Plaintiff's initial IFP application without prejudice and ordered her to pay the filing fee or submit a long form IFP application. (Doc. 8.) On July 29, 2022, Plaintiff submitted a filing titled "Request for Joinder Under FRCP 19; Motion for Attorney Fees and Cost" (Doc. 9), which appears to contain multiple filings, including: (1) a

1

motion to join minor P.I. in this action as a plaintiff (*id.* at 1–2); (2) an application for a warrant of arrest in rem (*id.* at 4–6); (3) a long form IFP application filed by Plaintiff on her own behalf (*id.* at 7–11); (4) a long form IFP application filed by Plaintiff on behalf of minor P.I. (*id.* at 12–16); (5) a long form IFP application filed by Plaintiff on behalf of minor L.S. (*id.* at 17–21); (6) a long form IFP application filed by Plaintiff on behalf of minor J.B. (*id.* at 22–26); and (7) a long form IFP application filed by Plaintiff on behalf of minor D.S. (*id.* at 27–31).[1]

On August 2, 2022, the magistrate judge issued findings and recommendations recommending Plaintiff's application to proceed IFP be denied, due to multiple inconsistencies and ambiguities in the application, and an apparent annual income of $107,520—which far eclipses the national poverty guidelines for either a household of one ($13,590) or four ($27,750), depending on Plaintiff's household size—and that Plaintiff be required to pay the filing fee or face dismissal of the action. (Doc. 10.) The magistrate judge also recommended the IFP applications purportedly filed on behalf of Plaintiff's minor children be denied without prejudice, as this Court previously determined that Plaintiff may not represent her minor children in this action *pro se* (Doc. 7), no petition to appoint a guardian ad litem has been submitted, and it appears Plaintiff does not have custody over at least some of the children she seeks to represent. The magistrate judge provided Plaintiff fourteen days to file objections to the findings and recommendations.

On August 15, 2022, Plaintiff filed objections to the findings and recommendations (Doc. 11), as well as a motion to appoint a guardian ad litem for minors P.I., L.S., D.S., and J.B. (Doc. 12), a motion for stay and referral to VDRP or ADR for early mediation (Doc. 13), and an ADA disability access litigation application for stay and early mediation (Doc. 14).[2]

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a *de novo* review of the case. Having carefully reviewed the entire matter, the Court concludes the magistrate judge's

---

[1] As with Plaintiff's other pending motions, the joinder motion and motion for attorneys' fees remain pending until the IFP matter has been resolved.

[2] As with the other previously identified motions, these additional motions (Docs. 12, 13, 14) will also remain pending until the IFP matter has been resolved.

1    findings and recommendations are supported by the record and proper analysis.

2    In her objections to the findings and recommendations, Plaintiff attempts to resolve the
3    noted discrepancies. Plaintiff claims she committed a clerical error in (1) reporting both income
4    wages and disability pay; and (2) that her monthly expenses were $0. (Doc 11 at 3.) Plaintiff also
5    clarifies that she currently lives with her unemployed fiancé and minor J.B. (a household of
6    three); minors D.S., L.C. and P.I. were removed from her home and are not in her custody; she
7    was previously receiving monthly disability payments in the amount of $3,200 but is no longer
8    receiving any disability payments; and she remains employed by Doctors Medical Center but is
9    currently on medical leave. (*Id*. at 4-5.)

10   Plaintiff does not indicate whether her medical leave is paid or unpaid, though she asserts
11   that "due to being subject to medical Leave[, . . . she] has no employment income." (Doc. 11 at
12   4.) Further, if the medical leave is paid, it remains unclear whether Plaintiff is receiving the same
13   monthly salary of $5,760 as indicated in her application. Finally, though Plaintiff claimed in her
14   IFP application that her income was expected to change in the next 12 months, she did not
15   provide the required explanation. (*See* Doc 9 at 11.) Plaintiff concedes that as of July 25, 2022,
16   she was still receiving disability pay. (*See* Doc. 11 at 3, 5.) She now asserts the reason for stating
17   that her income was expected to change was due to her disability pay ending, which has allegedly
18   now occurred less than a month after filing her IFP application. (*See id*. at 3, 6.)

19   Notably, Plaintiffs confirms that she has monthly household expenses of $4,998 (Doc. 11
20   at 3), but in addition to the inconsistencies noted by the magistrate judge, Plaintiff's IFP
21   application indicated insurance expenses in the amount of $1,131, yet Plaintiff wrote in the
22   margin of her application that she has no income to pay these expenses. (Doc. 9 at 10.)
23   Furthermore, Plaintiff claimed the cost of her motor vehicle insurance is $567 per month and also
24   indicated her vehicle installment payment is $567 per month, although the account has been
25   closed due to non-payment. (*Id*. at 10-11 (listing "loss of vehicle" to explain why she cannot pay
26   the filing fee).) Accordingly, the Court doubts the the amounts owed as well as whether these
27   expenses are, in fact, owed in light of Plaintiff's concession that the accounts have been closed
28   due to non-payment. This is another example of Plaintiff's inconsistencies warranting denial. *(See*

Doc. 10 at 6 ("[T]o the extent that Plaintiff concurrently claims she is not employed and has significant debts, the contradictory information and lack of clarity in the application renders Plaintiff's IFP application impermissibly internally inconsistent, which also warrants denial.").)

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated August 2, 2022 (Doc. 10), are adopted in full.
2. Plaintiff's application to proceed *in forma pauperis* (Doc. 9 at 7–11) is **DENIED**.
3. Plaintiff is ordered to submit the appropriate filing fee in full no later than 30 days from the date of service of this order.
4. The applications to proceed *in forma pauperis* filed by plaintiff on behalf of minors P.I. (Doc. 9 at 12–16), L.S. (Doc. 9 at 17–21), J.B. (Doc. 9 at 22–26), and D.S. (Doc. 9 at 27–31) are **DENIED without prejudice**.
5. Plaintiff is warned that failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **September 2, 2022**

UNITED STATES DISTRICT JUDGE