# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN SCHAUPP, et al., | Case No. 1:22-cv-00849-JLT-SAB |
| Plaintiffs, | ORDER DISMISSING ACTION FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PAY THE FILING FEE |
| v. | |
| COUNTY OF STANISLAUS, et al., | ORDER DENYING REMAINING MATTERS AS MOOT |
| Defendants. | (Docs. 3, 4, 10, 12, 13, 14, 15) |

Carolyn Schaupp, proceeding *pro se*, filed a complaint in this action on behalf of herself and minors L.S., D.S., P.I., and J.B. on July 11, 2022. (Doc. 1.) Plaintiff did not file a petition to appear guardian ad litem on behalf of minors L.S., D.S., P.I., and J.B., nor did she pay the filing fee, but instead filed an application to proceed *in forma pauperis* ("IFP"). (Doc. 2.) Concurrently with the complaint and IFP application, Plaintiff filed a motion to appoint counsel and motion for permission for electronic case filing, both of which remain pending. (Docs. 3, 4.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 15, 2022, Plaintiff's IFP application was denied without prejudice and she was ordered to pay the filing fee or submit a long form IFP application.[1] On July 29, 2022, Plaintiff

---

[1] Also on July 15, 2022, the District Judge denied Plaintiff's motion for TRO. (Doc. 7.) Notably, in denying the TRO, the Court identified a prior similar action filed by Plaintiff on August 28, 2020, *Schaupp v. County of Stanislaus (Schaupp I)*, No. 1:20-cv-01221-DAD-BAM (E.D. Cal. 2020), and cautioned Plaintiff that she may not

1

submitted a filing titled "Request for Joinder Under FRCP 19; Motion for Attorney Fees and Cost," which included multiple motions: (1) a motion to join minor P.I. in this action as a Plaintiff (Doc. 9 at 1–2); (2) an application for a warrant of arrest in rem (*id.* at 4–6); (3) a long form IFP application filed by Plaintiff on her own behalf (*id.* at 7–11); (4) a long form IFP application filed by Plaintiff on behalf of minor P.I. (*id.* at 12–16); (5) a long form IFP application filed by Plaintiff on behalf of minor L.S. (*id.* at 17–21); (6) a long form IFP application filed by Plaintiff on behalf of minor J.B. (*id.* at 22–26); and (7) a long form IFP application filed by Plaintiff on behalf of minor D.S. (*id.* at 27–31). On August 2, 2022, the magistrate judge issued findings and recommendations to deny Plaintiff's application to proceed *in forma pauperis* (Doc. 9 at 7–11), order Plaintiff to pay the $402.00 filing fee in full in order to proceed with this action, and deny without prejudice the applications to proceed *in forma pauperis* filed by Plaintiff on behalf of minors P.I. (Doc. 9 at 12–16), L.S. (Doc. 9 at 17–21), J.B. (Doc. 9 at 22–26), and D.S. (Doc. 9 at 27–31). Thereafter, in addition to filing objections to the magistrate judge's findings and recommendations (Doc. 11), Plaintiff filed a motion to appoint guardian ad litem (Doc. 12), motion to stay and referral to VDRP or ADR for early mediation (Doc. 13), and ADA disability access litigation: application for stay and early mediation (Doc. 14), which currently remain pending.

On September 2, 2022, the Court adopted the magistrate judge's findings and recommendations in full, denied all applications to proceed *in forma pauperis*, and ordered Plaintiff to either pay the filing fee in full within thirty days or face dismissal. (Doc. 15.) The deadline to pay the filing fee has passed and Plaintiff has neither paid the fee nor requested additional time to do so.

---

represent her minor children in this action *pro se*. (Doc. 7 at 1 n.1 (quoting *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("a nonattorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear *pro se* is not a true choice for minors who under state law cannot determine their own legal actions.")).) The Court also indicated it will only consider the claims raised in this action as they pertain to Plaintiff. (*Id.* citing *Laycook v. Cnty. of Fresno*, No. 1:18-cv-01263-LJO-SAB, 2018 WL 4998136, at *2 (E.D. Cal. Oct. 15, 2018) ("Plaintiff cannot bring this action to assert the rights of his children without retaining counsel. The Court shall therefore only consider the claims raised in this action as they pertain to Plaintiff.")).) This magistrate judge, in denying Plaintiff's initial IFP application, also expressed doubt as to Plaintiff's ability to bring the instant action on behalf of her children, noting the complaint was only signed on behalf of Carolyn Schaupp, and appears to allege Ms. Schaupp does not currently have custody over her children. (Doc. 8 at 1 n.2.)

Based upon the foregoing, the Court **ORDERS**:

1. This action is **DISMISSED** for Plaintiff's failure to obey court orders and failure to pay the filing fee for this action.
2. Plaintiff's pending motions (Docs. 3, 4, 12, 13, 14) are **DENIED** as moot.
3. The Clerk of the Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

Dated:   **October 14, 2022**

*[signature]*
UNITED STATES DISTRICT JUDGE